Dear Superintendent Garrett,
¶ 0 This office has received your letter asking for an official Opinion, addressing the following questions:
 1. May the State Board of Education expend monies appropriated for existing programs which were to have been amended by vetoed legislation?
 2. May the State Board of Education expend monies appropriated by Senate Bill 800 for new programs specifically named in S.B. 800 which were to have been created by vetoed legislation?
 3. Does the State Board of Education have authority to extend the minimum salary schedule set forth at 74 O.S. 18-114.7 (1996) to include years of experience beyond those set out in the law?
 I. GENERAL REQUIREMENTS OF A LAWFUL APPROPRIATION
¶ 1 Your first two questions deal with the State Board of Education's ability to expend appropriated funds. We thus begin our discussion of those questions with an analysis of the State constitutional requirements regarding appropriations. Article V, Section 55 of the Oklahoma Constitution requires that no money shall be paid out of the State Treasury except pursuant to a lawful appropriation. The provision also requires that every law making appropriations must specify the sum appropriated, and the object of which the appropriation is to be applied:
 No money shall ever be paid out of the treasury of this State, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law, nor unless such payments be made within two and one half years after the passage of such appropriation act, and every such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated and the object to which it is to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum.
Okla. Const. Article V, Section 55 (emphasis added).
¶ 2 In both State v. Carter, 30 P.2d 700, 703 (Okla. 1934), and Miller v. Childers, 238 P. 204, 207 (Okla. 1924), the Oklahoma Supreme Court held that Section 55 of Article V of the Oklahoma Constitution requires an appropriation bill to meet five (5) requirements:
 (a) Make an appropriation of money; (b) provide for its payment within 30 months; (c) specify the sum appropriated; (d) state the object to which said sum shall be applied; and (e) not require reference to any other law to fix the sum appropriated.
30 P.2d at 703 and 238 P. at 207 (emphasis added).
 EXPENDITURE OF FUNDS APPROPRIATED FOR AN EXISTING PROGRAM
¶ 3 Both your first and second questions deal with the fourth required element of an appropriation — the object to which said appropriation is to be applied. Your first question involves a situation in which the object for which the funds were appropriated is for use in programs which already existed under present law. The mere fact that the Legislature, in separate legislation, proposed changes to that program, which did not become law because of the Governor's veto, does not repeal the laws which provided for the existing program. Accordingly, the object for which the funds were appropriated — the existing program — still exists. Thus, the funds appropriated for use in the program may be expended on the existing program.
 EXPENDITURE OF FUNDS FOR A PROGRAM TO BE CREATED IN NEW LAW
¶ 4 A different situation is presented, however, in your second question, where funds are appropriated for a program which does not exist under present law, but rather, at the time of the passage of the appropriation bill, only existed as a proposal in another bill. For example, Senate Bill 1100 passed in the Second Session of the 45th Oklahoma Legislature; but, the Governor vetoed the bill in its entirety. That bill, at Section 8, proposed the enactment of a new section of law which would have created a new arts and humanities professional development grant program, and provided for stipends to teachers who attend and complete an arts and humanities institute. The Legislature in a separate appropriations bill, Senate Bill 800, appropriated money to fund this new grant program.
¶ 5 Of the monies appropriated to the State Board of Education in Section 9 of S.B. 800 (1996 Okla. Sess. Laws ch. 277), $500,000 was allocated by Section 16 of that bill "for Arts and Humanities Institutions pursuant to Section 8 of Enrolled Senate Bill No. 1100 of the 2nd Session of the 45th Oklahoma Legislature." The new grant program for which those monies were appropriated was never implemented due to the Governor's veto. Thus, the object of the appropriation — the new grant program — never came into existence. Accordingly, funds appropriated for the program may not be spent for the purpose stated in the appropriation bill.
¶ 6 We thus conclude that where funds are appropriated for a program which exists under existing law, the funds appropriated may be spent on the program, even though anticipated amendments in the program failed because of the Governor's veto. On the other hand, where funds are appropriated for the implementation of a new program which never comes into existence, due to the Governor's veto, the appropriated funds may not be spent on that proposed new program, which the Governor vetoed.
 II. STATE BOARD OF EDUCATION'S POWER TO ADOPT MINIMUM SALARY SCHEDULES FOR THE PUBLIC SCHOOL SYSTEM OF OKLAHOMA
¶ 7 In your final question, you asked whether the State Board of Education has the authority to extend the minimum salary schedule set forth at 70 O.S. 18-114.7 (1996). In enacting that statute, the Legislature, in pertinent part, provided for the following minimum salary schedule for teachers with from 0 to 15 years experience:
 Beginning with the 1994-95 school year, teachers in the public schools of Oklahoma shall receive in salary and/or fringe benefits not less than the amounts specified in the following schedule:
MINIMUM SALARY SCHEDULE
 Years of Bachelor's Master's Doctor's Experience Degree Degree Degree
0 $24,060 $25,166 $26,272
1 $25,221 $25,327 $27,433
2 $25,553 $26,659 $27,765
3 $25,774 $26,880 $27,986
4 $26,106 $27,212 $28,318
5 $26,438 $27,544 $28,650
6 $26,659 $27,765 $28,871
7 $26,991 $28,097 $29,203
8 $27,212 $28,318 $29,535
9 $27,544 $28,650 $29,756
10 $27,765 $28,871 $29,977
11 $28,097 $29,203 $30,309
12 $28,318 $29,424 $30,530
13 $28,650 $29,756 $30,862
14 $28,761 $29,867 $30,973
15 $29,092 $30,198 $31,304
70 O.S. 18-114.7(A) (1996).
¶ 8 You asked whether the State Board of Education is empowered to create a similar minimum salary schedule for teachers who have more than 15 years of experience. As the Oklahoma Supreme Court recognized years ago in Miller v. Childers, 238 P. 204, 206
(Okla. 1924), under Section 1 of Article XIII of the Oklahoma Constitution, the "duty rests primarily upon the state Legislature to establish and maintain a system of free public schools wherein all the children of the state may be educated.'" The Court further recognized that the State Legislature may, where not otherwise limited, "choose its own agencies and methods for this work." Id. In choosing the method to provide this public education, the Legislature created the State Board of Education and vested it with supervision of the public school system of Oklahoma. At 70 O.S. 3-104 (1995), the State Department of Education is not only vested with power to supervise the State public school system, but is also empowered to adopt policies and make rules for the public school system of the State:
 The control of the State Department of Education and the supervision of the public school system of Oklahoma shall be vested in the State Board of Education and, subject to limitations otherwise provided by law, the State Board of Education shall:
 1. Establish and prescribe the duties of an executive officer who shall be the State Superintendent of Public Instruction and whose duties shall include the responsibility to give advice and make recommendations to the Board on all matters pertaining to the policies and administration of the State Department of Education and the public school system;
 2. Adopt policies and make rules for the operation of the State Department of Education and the public school system of the state;
70 O.S. 3-104 (1995) (emphasis added).
¶ 9 Of course, the State Board of Education's power to establish policy for the public school systems of the State is subordinate to the policies promulgated by the Legislature. In adopting the minimum salary schedule in Section 70 O.S.18-114.7(A), the Legislature was silent as to minimum salaries to be paid teachers with more than 15 years experience. Thus, the establishment of a minimum salary schedule by the State Board of Education would not be inconsistent with a statutory enactment. Nor would the Board's establishment of a minimum salary schedule for teachers with more than 15 years experience be inconsistent with the provisions of 70 O.S. 5-141(A) (1995), which requires that each school district adopt a minimum salary schedule, because the policies established by the various school districts across the State, under the provisions of 70 O.S. 5-117(A)(2) (1996) (1996 Okla. Sess. Laws ch. 121, 1), are subordinate to rules of the State Board of Education. As there is no legislation establishing a minimum salary schedule for teachers with 16 years or more experience, and as no law restricting the State Board of Education's power to adopt such a rule exists, we conclude that the Board possesses such power.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under the provisions of Article V, Section 55 of the Oklahoma Constitution, all laws making appropriations must specify the object to which the appropriation is to be applied. That section requires that an appropriation bill meet five requirements: (1) make an appropriation of money; (2) provide for its payment within 30 months; (3) specify the sum appropriated; (4) state the object to which said sum shall be applied, and (5) not require reference to any other law to fix the sum appropriated.
 2. An appropriation made in accordance with Article V, Section 55 of the Oklahoma Constitution which appropriates money to fund a program that exists under existing law, may be expended on that program, even though anticipated amendments in the law providing for the program are vetoed by the Governor.
 3. Appropriations made in accordance with Article V, Section 55 of the Oklahoma Constitution which are to fund new programs to be created in separate legislative enactments, may not be expended on the new program if the bill establishing the program is vetoed by the Governor.
 4. Under the powers vested in the Board of Education to adopt policies and make rules for the public school system of the State, 70 O.S. 3-104(2) (1995), the State Board of Education may adopt a minimum salary schedule for teachers with 16 or more years experience.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL